■ JOSEPH MASTROIENI et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claims Nos. 40009, 42053.) — AULISI, J. Cross appeals from judgments of the Court of Claims entered in the office of the Clerk of the Court of Claims on December 8, 1964 for appropriations of claimants' property in the City of Albany, New York, pursuant to section 30 of the Highway Law. Various parcels of claimants' lands were taken on two separate occasions for the Albany Crosstown Arterial. The claims were consolidated for trial and all but one parcel, about which there is no dispute, fronted along Washington Avenue or were contiguous with parcels with frontage. The property was located between Jermain Street and Tremont Street directly across Washington Avenue from the site of the State Campus office building complex. Practically all of the land south of Washington Avenue in this area was owned by the State and

was being developed for the State Campus office complex and for the new campus of the University of the State of New York. The State also owned a large tract on the north side of Washington Avenue which is the main artery leading from the center of Albany to the Thruway and Northway. The next privately owned tract west of the subject properties contained the Thruway Motel and theatre development. All the subject property was zoned residential. Claimants contended at the trial that the highest and best use of the subject property, except for the one parcel above mentioned which is residential, was commercial with various discounts to be applied for the uncertainties of obtaining a zoning change. The trial court accepted this view and valued the premises accordingly. The State on appeal maintains that there did not exist a reasonable probability of an imminent change in zoning from residential to commercial and that in any event the commercial valuation with a discount for the uncertainty of the zoning change was error. Claimants urge that the awards are inadequate. Upon review of the entire record before us we believe that the claimants have been awarded just compensation for the property appropriated. Three expert witnesses for the claimants testified as to the reasonable probability of a zoning change and that the entire area was being subjected to tremendous development by the State. The reasonable probability of zoning changes in the area has been previously considered and affirmed by this court (*Albany Country Club* v. *State of New York*, 37 Misc 2d 134, mod. 19 A D 2d 199, affd. 13 N Y 2d 1085; *City of Albany* v. *State of New York*, 16 A D 2d 163). Even the State's appraiser was of the opinion that except for the factor of zoning, the highest and best use of the subject property was commercial and his report stated that the neighborhood was in a period of transition from residential to commercial. Judgments affirmed, with costs to claimants-respondents. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.